Argued September 9, affirmed September 30, 1959

# CROOK *v.* STATE DEPARTMENT OF AGRICULTURE

344 P. 2d 243

*Frederic H. Starkweather, Jr.,* Gold Beach, argued the cause and submitted a brief for appellant.

*Don Parker,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

O'CONNELL, J.

This is a suit in which the plaintiff attacks an order promulgated by the defendant on March 3, 1958 declaring the existence of a certain livestock district in Curry county.

■ The defendant made its order pursuant to Oregon Laws 1957, ch 604, which directed it to conduct a study for the purpose of determining "the existence, boundaries and designations" of livestock districts in this state. The purpose of the 1957 legislation was to remove the misunderstanding and confusion which then existed with respect to the existence and location of livestock districts created by statute or by popular vote.

The Department of Agriculture was authorized to

hold hearings in each county in which the department had reason to believe that livestock districts existed and upon the conclusion of the investigation the department was directed to make the determination mentioned above. Oregon Laws 1957, ch 604, p 854 provided in part as follows:

"Section 32. * * * In making its determinations, the department shall presume:

"(a) That livestock districts created by a vote of the people continue to exist as originally created. This presumption may be overcome as to individual livestock districts by evidence of withdrawal, dissolution or other action by the people taken after the creation of the livestock district under statutes authorizing such action.

"(b) That livestock districts created by statute continue to exist as originally created. This presumption may be overcome as to individual livestock districts by evidence of statutes clearly evidencing a legislative intention to amend the statutes creating such livestock districts.

"(c) That section 7, chapter 529, Oregon Laws 1947, and section 10, chapter 513, Oregon Laws 1949, and ORS 607.050 are saving clauses and that in each instance it was and still is the legislative intention to continue livestock districts theretofore created, notwithstanding the provisions of section 8, chapter 529, Oregon Laws 1947, section 11, chapter 513, Oregon Laws 1949, and section 41 of this Act.

"(2) If the department, in attempting to determine the location of boundaries of existing livestock districts, finds that landmarks or other identification marks or points have been destroyed or otherwise changed and that they cannot now be ascertained or identified, the department may:

"(a) Designate new boundaries; or

"(b) Determine that the district no longer exists.

"In designating new boundaries, the department

shall not substantially alter the size of the district or the area contained therein."

Pursuant to the authority vested in it by Oregon Laws 1957, ch 604, the defendant made an order declaring the existence of the livestock district challenged in this case. The plaintiff appealed to the circuit court for Curry county, in accordance with the appeal procedure provided for in the 1957 act, alleging that the order was invalid for various reasons particularly because of the declaration in the order that the challenged livestock district was in existence.

As a separate cause of suit the plaintiff attacks the defendant's order on the ground that certain sections of chapter 604, Oregon Laws 1957 are unconstitutional "in that they seek to create an ex post facto law" (referring to subsection 32 (1) (c) of chapter 604 set out above), and "that they seek to delegate the powers of the legislature, and that they violate the provision against separation of powers by attempting to interpret and judicially construe statutes passed by other legislatures and to determine the legislative intent thereof."

The trial court held that the livestock district in question had not been abolished by any previous legislation. He decided, therefore, that there was no need to consider the constitutional question raised by the plaintiff.

To understand the trial court's position it is necessary to trace a part of the history of the Oregon legislation relating to livestock districts. Prior to 1947 various livestock districts were created in Oregon, either by a vote of the people within a particular local area or by a statute specifically designating the boundaries of the district. The district in question was created by Oregon Laws 1927, chapter 212, which was later

compiled as § 32-1510, OCLA. This section read as follows:

"It shall be unlawful for any person to permit any cattle, horses, mules, sheep, goats or other domestic animals to be or remain or run at large or to go upon the lands of another without written permission of the owner of such lands, in the following described portion of Curry County, Oregon: [the boundaries of the district are then set out]."

This and other sections creating designated livestock districts were specifically repealed by section 8, chapter 529, Oregon Laws 1947. However, chapter 529 also contained the following section:

"Section 7. All districts or organizations heretofore created by the laws of this state having for their purpose the formation of designated areas wherein livestock may either be permitted to run at large or prohibited from running at large, hereby are declared to be livestock districts within the meaning of this act and hereby are continued in force as such to the same extent as if formed under the terms of this act and they shall be subject to all the provisions hereof until dissolved as in this act provided."

The continuation of livestock districts previously created was also provided for in the legislation of 1949 relating to such districts. Section 10 of chapter 513, Oregon Laws 1949, provided as follows:

"Section 10. Any district heretofore created pursuant to the provisions of the laws of this state for the purpose of prohibiting livestock from running at large therein, hereby is continued in force as such to the same extent as if created under this act and shall be subject to all the provisions thereof. The boundaries of any such district may be changed, withdrawals therefrom may be made or dissolution

thereof may be effected in the manner provided in this act for such purposes."

Chapter 513 repealed chapter 529, Oregon Laws 1947. The 1957 legislation referred to above provided that livestock districts created either by statute or by vote of the people continue to exist.

The question is, then, whether the district created by chapter 212, Oregon Laws 1927 survived the various legislative changes recited above. The plaintiff contends that the district was not kept alive by section 7, chapter 529, Oregon Laws 1947 in the face of the specific repeal of § 32-1510, OCLA provided for in section 8 of the same act. It is pointed out that the statutes creating certain livestock districts then existing were not repealed by section 8. Plaintiff argues that this demonstrates that in those cases in which the legislature wished to keep a district alive it omitted it from the repealer section and that since the district in question was expressly included it was intended to be abolished. The saving clause in section 7 is interpreted by plaintiff to mean that only those districts created by popular vote were saved. He concludes, therefore, that the effect of sections 7 and 8 read together is to save districts created by vote and to abolish all districts created by statute except those not specifically included in section 7.

In support of this argument plaintiff calls attention to three statutory districts which were not included in the repealer section of the 1947 act. One of these was created by chapter 128, Oregon Laws 1947, at the same session of the legislature and it is apparent that it was dealt with as a special situation requiring separate treatment different from that required for other districts. The other two districts specified by plaintiff

as having been omitted from the repealer clause were quite obviously regarded by the legislature as requiring separate treatment also. These districts are dealt with in ORS 607.505 and 607.515. Because there were reasons for treating these districts separately, the general saving clause in section 7 of chapter 529 would not carry out fully the legislative purpose. Therefore, we do not regard the separate treatment of the three districts referred to by the plaintiff as evidence of the intent of the legislature to save only such statutory districts and abolish all of the rest of the districts created by statute.

■ We think that it is more reasonable to construe section 7 of chapter 529 as a part of the legislature's effort to clarify the statutory law relating to livestock districts by eliminating the statutes expressly creating such districts but continuing them under improved procedures. The saving clause preserved "All districts * * * created by the laws of this state * * *." No distinction is suggested in the statute between districts created by vote of the people and districts created directly by statute. In order to give the section the meaning urged by the plaintiff it would be necessary to force into the section a distinction which is not expressed and which normally would be expressed if it were intended.

The districts preserved in 1947 were continued by the express provision of section 10, chapter 513, Oregon Laws 1949. This section continued in force "Any district heretofore created pursuant to the provisions of the laws of this state * * *." The plaintiff argues that this section would not have the effect of continuing in force the district in question because it was created by statute and not "pursuant to the provisions of the

laws of this state" (which plaintiff interprets to mean by a vote of the people).

As we have interpreted the 1947 act the statutory districts included within the repealer section were continued under the newly created laws. In the sense that the 1947 act kept those districts alive they were statutory districts as before, but in another sense they were created by the 1947 act because they were given a new life under that act; an act which established new procedures for the creation and abolition of districts. This idea was expressed in the language of the act which declared that these districts "hereby are continued in force as such to the same extent as if formed under the terms of this act * * *." When the legislature preserved "Any district heretofore created pursuant to the provisions of the laws of this state" we are of the opinion that they used the word "created" to embrace those districts which owed their existence to the saving clause in the 1947 act.

■ These districts, including the one in question, were continued by chapter 604, Oregon Laws 1957. Section 32 (1) and (a) and (b) expressly provided that districts created by statute as well as those created by vote of the people were to continue as originally created. We have, then, an unbroken chain of legislation which links the present law with the past and which kept alive the district created by chapter 212, Oregon Laws 1927.

The plaintiff interprets the legislation to abolish all statutory districts but those excepted, leaving to the people in each local area the privilege of recreating the abolished district if they wished. We think that it is more reasonable to ascribe to the legislature the intent to continue in existence the districts previously

created, leaving to the people in each district the privilege of abolishing the district if they desire to do so. This was the conclusion reached by the trial court.

The district in question having an existence apart from any of the sections of the 1957 act attacked by plaintiff, it is not necessary to pass upon the constitutionality of those sections.

The decree of the lower court is affirmed.